IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Adam Peterson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER RE PRESENTING** |
| vs. | ) **TRIAL TESTIMONY BY** |
| | ) **CONTEMPORANEOUS** |
| Murex Petroleum Corporation, | ) **TRANSMISSION FROM** |
| Mickey Peck, company man, | ) **ANOTHER LOCATION** |
| Stokes and Spiehler, | ) **PURSUANT TO RULE 43** |
| Earl Britzenhoff, Company Man, and | ) |
| Phoenix Operating Company, | ) Case No.1:17-cv-165 |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| Murex Petroleum Corporation, | ) |
| | ) |
| Defendant and | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WISCO, Inc., | ) |
| | ) |
| Third-Party Defendant. | ) |

The question arose during the pretrial conference held on April 16, 2019, with respect to whether the court would permit trial testimony from one or more of plaintiff's medical witnesses by telephone. While the undersigned has previously allowed in several cases video testimony from a remote location, the undersigned has not been confronted with a request to allow for testimony presented by telephone, except in one instance where the undersigned had conducted a several hour bench trial entirely by conference call with the consent of the parties.

The undersigned has now had an opportunity to consider the text of Rule 43 as well as its

1

comments. Upon a showing of good cause in compelling circumstances and with appropriate safeguards, Fed. R. Civ P. 43(a) does allow the taking of testimony by contemporaneous transmission from a different location. Further, the comments to Rule 43 make clear that this is not limited to video transmission and can be accomplished by audio transmission only.

While the taking of testimony by contemporaneous transmission from a different location is the exception rather than the norm under Rule 43, the court has to be cognizant of the ever increasing costs for litigants to obtain justice in civil cases. This problem is particularly acute for medical witnesses because of the substantial costs involved in arranging for their personal appearance or even for the parties to travel for what often amounts to a relatively short deposition. Further, unlike for some other witnesses, veracity is usually of lesser concern for medical witnesses. Finally, for most medical witnesses, the parties generally already have extensive medical records and/or expert disclosures and much of the testimony is confined to what is already in the medical records and disclosures. In recognition of these factors, the court in the past has permitted video testimony from medical witnesses and will do so again in this case subject to the conditions that the court sets forth below.

The undersigned has checked with the court's IT staff and has confirmed that a video link can be established with an outside video conferencing system, or even a computer equipment that possesses certain software, through a bridge arranged for by our court, preferably with several days advance notice. Questions about how this can be accomplished can be directed to IT Administer Nathan Froelich at 701-297-7010.

There is an advantage for the parties and the jury to have the testimony presented by video as opposed to telephonically, particularly now with the quality of the video transmissions that are
2

available. However, in this particular case, the court may permit telephonic testimony in lieu of video testimony if the plaintiff can make a showing that the taking of the testimony by a video link is impracticable or if defense counsel agree.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff shall no later than noon, Tuesday April 23, 2019, identify in a filing with the court which of the medical witnesses **will be** called to testify remotely and for each witness list the exhibits the plaintiff intends to offer through or discuss with that witness. The court will permit video testimony. In order to present testimony telephonically, plaintiff must make a showing in the same filing why video is impracticable or indicate that plaintiff has obtained the consent of the other parties. If plaintiff is unable to obtain the consent of the other parties to taking the testimony by telephone, the court will hold a telephonic hearing on Thursday, April 25, 2019, at 11:30 a.m. to consider whether it will permit telephonic testimony based on plaintiff's claims of impracticability of video testimony and any objections of the defendants.

2. Plaintiff shall insure that the witness has a copy of the listed exhibits available at the location where the witness is testifying along with any other of defendants' listed trial exhibits that plaintiff's counsel reasonably can anticipate may be used during trial testimony of the witness.

3. There must be available at the location where the witness is testifying a fax machine or other equipment capable of receiving copies of exhibits, learned treatises, or other material that defense counsel may use during cross-examination other than what

plaintiff has made arrangements for having available to the witness.

4. If video testimony is to be presented, plaintiff's counsel must check with the court's IT staff to make sure that the equipment on the witnesses's end will work with the court's bridge.

Dated this 17th day of April, 2019.

            */s/ Charles S. Miller, Jr.*
            Charles S. Miller, Jr., Magistrate Judge
            United States District Court