**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Adam Peterson,<br><br>Plaintiff,<br><br>vs.<br><br>Murex Petroleum Corporation,<br>Mickey Peck, company man,<br>Stokes and Spiehler,<br>Earl Britzenhoff, Company Man, and<br>Phoenix Operating Company,<br><br>Defendants,<br><br>and<br><br>Murex Petroleum Corporation,<br><br>Defendant and<br>Third-Party Plaintiff,<br><br>vs.<br><br>WISCO, Inc.,<br><br>Third-Party Defendant. | **ORDER DISMISSING**<br>**THIRD-PARTY COMPLAINT**<br>**WITHOUT PREJUDICE**<br><br><br>Case No.1:17-cv-165 |

On August 10, 2017, plaintiff Adam Peterson commenced this action against defendant

Murex Petroleum Corporation ("Murex") seeking recovery for personal injuries he sustained in an

accident at an oil well pumping site operated by Murex. Later, Peterson amended his complaint to

add the additional named defendants. The basis for the court's jurisdiction over the claims against

Murex and the other defendants was diversity of citizenship under 28 U.S.C. § 1332.

After Murex was sued, it filed and served upon WISCO, Inc. ("WISCO") a third-party

complaint seeking a defense and indemnification from WISCO for the claims brought by Peterson

pursuant to a Master Services Agreement it acquired from WISCO's predecessor-in-interest. Because Murex and WISCO are both Delaware-domiciled corporations and because Murex's third-party complaint does not involve a federal question, Murex invoked the court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

The case was originally scheduled for a seven-day jury trial, beginning on April 29, 2019. On April 17, 2019, the Court entered an Order severing the third-party claims and the cross-claims. Soon thereafter, Murex and the other defendants settled Peterson's claims as well as the cross-claims. This left only Murex's third-party claims against WISCO.

On April 25, 2019, the court entered an order denying Murex's and WISCO's cross-motions for summary judgment and, on May 2016, the court scheduled a bench trial on Murex's third-party complaint for September 19, 2019. On the same day, Murex filed a motion requesting that the court not exercise its supplemental jurisdiction over the remaining third-party action and "remand" the case to state court. Later, the court entertained a request for a settlement conference before acting on the motion and cancelled the trial.

Now before the court is plaintiff's motion asking the court to not continue to exercise supplemental jurisdiction over the third-party complaint and for a remand to state court. WISCO opposes the motion. Because both parties assumed in their briefing that the court had the power to remand the case, the court held a telephone conference with the parties on August 19, 2019, to explain that remand only applies to actions that have been removed from state court, which this case was not. See, e.g., Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC, 718 F.3d 1003, 1017 (8th Cir. 2015) ("A district court has no power to remand a non-removed case to state court."). If the court declines to exercise supplemental jurisdiction pursuant to Murex's request, its only

option is to dismiss the case without prejudice.  Id.  The court asked the parties if they wanted to weigh in on this before the court ruled and both declined.  Further, Murex did not object to the court dismissing the action without prejudice.

There is pending in state court another personal injury action in which Murex has sought indemnity from WISCO pursuant to the same Master Services Agreement and in which WISCO has asserted the same defenses.  The defenses to liability that WISCO asserts and the arguments Murex makes for overcoming the defenses involve questions of state law for which there is no North Dakota Supreme Court precedent directly on point. Also, at least with respect to the claim in this case, there are difficult legal issues with respect to the scope of damages in light of the settlement with the plaintiff and the other defendants for which there is also no North Dakota Supreme Court precedent.

While this case is quite advanced, so is the state court action.  In fact, much of the discovery that was presented to the court here in support of the cross-motions for summary judgment on Murex's claims against WISCO came from the state court action.  Further, at one point, a state court judge granted Murex summary judgment on its claim for a defense, which this court declined to do after concluding there were material fact issues in dispute with respect to whether WISCO is bound by the Master Services Agreement.

If this court continued to adjudicate the third party complaint, there is a real danger of the parties getting different results on the same issues in this action from what they might get in state court.  Also, there is the very real possibility of appeals over the same issues to two different courts.

For reasons of preservation of judicial resources, difficult questions of state law, and comity, the court **GRANTS IN PART** Murex's motion for the court not to exercise supplemental

jurisdiction over its third-party complaint against WISCO (Doc. No. 157).  Murex's third-party

complaint against WISCO is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT SO ORDERED**.

Dated this 19th day of August, 2019.

*/s/ Charles S.  Miller, Jr.*
Charles S.  Miller, Jr., Magistrate Judge
United States District Court